Timothy PIGFORD, et al., Plaintiffs,

v.

Ann M. VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann M. Veneman, Secretary, United States Department of Agriculture, Defendant.

Nos. CIV.A. 97–1978(PLF), CIV.A. 98–1693(PLF).

United States District Court, District of Columbia.

June 28, 2001.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, John Michael Clifford, Mona Lyons, Clifford, Lyons & Garde, Washington, DC, Marcus B. Jimison, Durham, NC, Stephen J. Bowens, Durham, NC, Phillip L. Fraas, Tuttle, Taylor & Heron, Washington, DC, for Plaintiffs.

Daniel Edward Bensing, U.S. Attorney's Office, Washington, DC, Terry M. Henry, Susan Hall Lennon, Amanda Quester, Michael Sitcov, U.S. Department of Justice Civil Division, Washington, DC, David Monro Souders,Weiner Brodsky Sidman & Kider, PC, Washington, DC, for Defendants.

Dennis Charles Sweet, Lanston, Frazer, Sweet & Freese, Jackson, MS, Ford C. Ladd, Alexandria, VA, Gerard Robert Lear, Arlington, VA, for Movants.

Evans M. Folins, Los Valoros, CA, Pro se.

Randi Ilyse Roth, St. Paul, MN, Pro se.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

By Order of April 27, 2001, the Court held Class Counsel accountable for its failures to meet deadlines in the Track A Petition for Monitor Review process. *See* Order of April 6, 2001; Memorandum Opinion and Order of April 27, 2001. After receiving input from Class Counsel and the team of *pro bono* attorneys assembled to assist Class Counsel on this matter, the

Court set a new deadline of September 15, 2001, created a weekly reporting requirement so that it can track Class Counsel's progress, and established a progressive schedule of fines that would be imposed for each day that Class Counsel had not completed their Petition for Monitor Review obligations. *See* Memorandum Opinion and Order of May 15, 2001. While Class Counsel was given this financial "incentive" to complete the process as expeditiously as possible, they were reminded of their ongoing obligation to provide full, fair and adequate representation to all their clients, regardless of when during the process those clients' petitions are processed.

Reports filed by the Monitor and the weekly reports submitted by Class Counsel relating to their performance in filing petitions and responding to government Petitions for Monitor Review once again bring into question Class Counsel's fidelity to their clients. First, the rate at which Class Counsel has decided to withdraw petitions, rather than file supplementary materials in support of those petitions, has increased dramatically since the Court issued its Memorandum Opinion and Order of April 27, 2001.[1] Despite Class Counsel's attempt to allay the concerns of the Monitor and the Court regarding this increase, *see* Class Counsel's May 29, 2001 Report to the Court; Monitor's May 2001 Report Regarding Registers of Petitions, the Court still fears that Class Counsel may be withdrawing meritorious petitions because of time constraints, threatened financial penalties and a lack of the re-

sources required to make adequate attempts to identify a "similarly situated white farmer," perhaps the most important thing a lawyer must do for a claimant in this stage of the case.

A decision to withdraw a Petition for Monitor Review from the Register based solely on such non-merit based grounds is unacceptable, and Class Counsel has a professional obligation not to withdraw petitions for such reasons. In particular, Class Counsel should not withdraw petitions based on a lack of time or resources necessary to identify similarly situated white farmers or to communicate adequately with a claimant. If Class Counsel lacks the resources to adequately review each case and communicate in an effective way with each of their clients, and then to supplement every meritorious Petition for Monitor Review, they should seek additional help from *pro bono* counsel or hire additional staff to satisfy their obligations to their clients. Class Counsel is reminded that the Court intends to hold a hearing after September 15, 2001, to review counsel's conduct with respect to the Petition for Monitor Review process and to consider fines or sanctions. *See* Order of May 15, 2001, at 6. Specifically with respect to the issue of withdrawals, the Court may decide to appoint an ombudsman or special master to review the case files of all those petitions that were withdrawn to determine whether Class Counsel fulfilled their professional obligations to their clients.[2]

---

1. Prior to the Court's Order of April 27, 2001, Class Counsel's rate of withdrawals was approximately 19 percent. *See* Monitor's December 2000, January 2001, February 2001 and March 2001 *Reports Regarding Registers* of Petitions. Subsequent to the Court's Order, Class Counsel's rate of withdrawals has more than doubled to approximately 48 percent. *See* Plaintiffs' Reports to the Court dat-

ed May 29, June 4, June 11, and June 18, 2001.

2. The sanctions to be considered are not necessarily limited to those suggested in the Court's Order of May 15, 2001. With this in mind, Class Counsel should maintain—indeed, they should have been maintaining from the beginning—very precise, very thorough documentation in the file of each claimant

■ Second, and perhaps of even more concern to the Court, Class Counsel has not responded to a large percentage of the government's Petitions for Monitor Review.[3] Since all of the claimants in this posture initially prevailed and therefore assume that they are entitled to compensation from the government, the Court is deeply troubled by Class Counsel's failure to respond to the government petitions. Counsel's decisions not to respond invariably will turn many of those claimants' initial successes into permanent defeats.

Class Counsel suggest that many of the nonresponses occur because approximately half the claimants do not request Class Counsel's assistance in responding to the government's petitions, *see* Monitor's May 2001 Report Regarding Registers of Petitions at 10–12 (indicating that Class Counsel was asked to respond to only 84 of the first 150 government petitions), but the Court is left to wonder whether the lack of a request was the result of a conscious, informed decision by the claimant or simply of miscommunication by counsel or a failure to communicate at all. Class Counsel's efforts to communicate with class members apparently have amounted to little more than a single letter sent by regular mail (not sent certified, return-receipt, or overnight), with no attempt to send additional letters or make follow-up telephone calls. *See id.* at 11. To make matters worse, Class Counsel admits that a significant number of the letters to claimants were sent out approximately two to

three weeks into the claimant's 60–day response period. *See id.* at 10.

As Class Counsel has understood from the earliest stages of this case, communication with class members—some of whom are elderly or have difficulty reading and most of whom have little experience with the legal system—is difficult and time consuming. Such obstacles do not, however, diminish counsel's responsibility to their clients. A cursory effort to communicate with a class member when an important decision is being made regarding the class member's claim—if that in fact is what has happened here—does not constitute full, fair and adequate representation. This miscommunication or complete lack of communication necessarily results in some claimants' gains being lost for reasons unrelated to the merits of their cases, in effect snatching defeat from the jaws of victory because of Class Counsel's failure to take aggressive steps to communicate with their own clients. In view of the foregoing, it is hereby

ORDERED that from the date of this Order forward, the Facilitator shall immediately notify any claimant against whom the government files a Petition for Monitor Review. The Facilitator shall similarly notify any claimant against whom the government filed a petition during the three weeks preceding the date of this Order. The notification shall be mailed overnight and shall require the signature of the claimant (certified mail, return receipt). The notification shall briefly and in plain

---

whose petition was withdrawn. An ombudsman or a special master should be able to review those files and with minimal effort—and perhaps a telephone interview with the claimant—be able to determine exactly what efforts were made to communicate with the claimant, why the petition was withdrawn, under what conditions it was withdrawn and what lengths counsel went to before deciding to withdraw the petition.

**3.** Class Counsel had responded to approximately one-third of the government's Petitions for Monitor Review through May 18, 2001, leaving the Monitor to decide the other two-thirds without any response from the claimants. *See* Monitor's May 2001 Report Regarding Registers of Petitions at 10 (indicating that 57 responses were filed to the government's first 150 petitions, and that time to respond to the other 93 has expired).

 

language explain the Petition for Monitor Review process, direct the claimant to contact his or her attorney immediately (providing phone numbers), inform the claimant of the time within which his or her attorney must respond to the petition, and warn the claimant of the consequences of failing to respond to the petition. If the package is not accepted by or otherwise is not delivered to the claimant, the Facilitator shall take steps to contact that claimant by telephone; it is

FURTHER ORDERED that Class Counsel shall, from the date of this Order forward, file a memorandum with the Facilitator each time they decide not to file a response to a government Petition for Monitor Review. The memorandum shall detail their efforts to communicate with the relevant claimant and shall explain as fully as possible, without disclosing privileged communications, the reasons why Class Counsel chose not to respond to the government's petition. The memoranda likely will be used by the Court, an ombudsman or a special master who will review the conduct of Class Counsel with respect to this matter. The Facilitator shall hold these memoranda until further order of the Court; and it is

FURTHER ORDERED that Class Counsel shall, by July 20, 2001, submit to the Facilitator a list of all claimants whose petitions were withdrawn for primarily non-merit based reasons prior to the date of this Order. For purposes of this list, "non-merit based reasons" include, but are not limited to, (1) difficulties communicating effectively with the claimant, and (2) limited resources preventing Class Counsel from making proper attempts to identify a similarly situated white farmer. The list likely will be used by the Court, an ombudsman or a special master who will review the conduct of Class Counsel with respect to this matter. The Facilitator shall hold the list until further order of the Court.

SO ORDERED.